IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 24-cv-03053-REB-KAS

MARCELA J. SILVA JAQUEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER RE: DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

The matter before me is the **Motion To Dismiss** [#20],[1] filed December 9, 2024, by defendant the United States of America. Although plaintiff was granted an extension of time in which to respond (*see* **Order** [#25], filed December 27, 2024), she did not file a response within the extended deadline. I putatively have jurisdiction over this matter pursuant to 42 U.S.C. § 233(a) (suit for personal injury in the performance of medical functions against employees of the Public Health Service acting in the course and scope of their employment). I grant the motion and dismiss this case without prejudice for lack of subject matter jurisdiction.

This case was initiated in state court in the District Court of Boulder County, Colorado, on March 22, 2024. Plaintiff Marcela Jaquez brought claims of professional negligence against two of her medical providers – Drs. Madeline Lahman Cole and

---

[1] "[#20]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Phillip Jeffrey Keppler – and the medical facility with which they were associated.[2] Represented by private counsel, Drs. Cole and Keppler removed the case to this court, alleging that because the clinic at which the surgery was performed is a Federally Qualified Health Center ("FQHC"), 25 U.S.C. § 5321(d), they were "deemed employees" of the Public Health Service ("PHS") under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g) *et seq.* ("FSHCAA").[3]  Further, Drs. Cole and Keppler claimed that, as employees of the PHS, they were immune from suit for actions taken within the scope of their employment.  Instead, they asserted, Ms. Jaquez's claims were cognizable  exclusively against the United States under the Federal Tort Claims Act ("FTCA").[4]  (**See Notice of Removal ¶** 13-16 at 4-6 [#1], filed

---

[2] Although Ms. Jaquez named Portercare Adventist Health System d/b/a/ Avista Adventist Hospital ("Avista") as the party defendant, the United States avers the surgery which forms the basis of Ms. Jaquez's claims took place at Clinica Campesina Family Health Services.  The nature of the relationship between Avista and the clinic is not apparent on the record before me, although I note that Avista is located at 100 Health Park Drive in Louisville, Colorado (*see* Advent Health Avista, ***Our Location*** (available at:  https://www.adventhealth.com/hospital/adventhealth-avista/our-location) (last accessed: January 23, 2025)), while the clinic's address is 90 Health Park Drive (*see* NPI Profile, ***Clinica Campesina Family Health Services*** (available at:  https://npiprofile.com/npi/1376574228) (last accessed: January 2,3 2025)), suggesting they may be part of the same medical campus.  Regardless, the magistrate judge ultimately granted Ms. Jaquez's motion to dismiss Avista (filed in state court prior to removal) as a party defendant.  (***See Minute Order*** [#31], filed September 11, 2024.)

[3] "The FSHCAA seeks to 'ameliorate the financial burden on . . . medical providers' at certain federally supported health centers in 'underserved areas' by allowing them to be deemed Public Health Service employees for whom the United States is substituted as a defendant in certain medical malpractice actions, with the Federal Tort Claims Act ('FTCA') as the exclusive remedy." ***J.Z.A. by & through Fierro v. Centura Health Corp.***, 2019 WL 13196114 at *1 n.2 (D. Colo. Nov. 12, 2019) (citation and internal quotation marks omitted).

[4] Federal courts are courts of limited jurisdiction and, thus, may only adjudicate claims that the Constitution or Congress have given them authority to hear and determine.  ***Morris v. City of Hobart***, 39 F.3d 1105, 1110 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1960 (1995); ***Fritz v. Colorado***, 223 F.Supp.2d 1197, 1199 (D.Colo. 2002).  The Federal Tort Claims Act constitutes a limited waiver of the United States' sovereign immunity from any suit seeking money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment,

June 12, 2004, in Civil Action No. 24-cv-01696-KAS.)

Once removed, the case was filed as Civil Action No. 24-cv-01646-KAS, and proceeded before United States magistrate judge Kathryn A. Starnella on consent of the parties.  (**See Notice of Consent** [## 23 & 24], filed August 26, 2024, in Civil Action No. 24-cv-01696-KAS.)  The United States subsequently filed a notice of substitution, stating it deemed Drs. Cole and Keppler as employees of the PHS who acted in the scope of their employment with respect to all acts and omissions alleged in the complaint.  (**Notice of Substitution** [#18], filed July 22, 2024, in Civil Action No. 24-cv-01696-KAS).  *See Estate of Cummings by & through Montoya v. Community Health Systems, Inc.*, 881 F.3d 793, 795-96 (10th Cir. 2018) (following substitution, sole remedy for alleged negligence of physicians deemed employees of United States is under the FTCA).

The United States then moved to remand because Drs. Cole and Keppler had not been affirmatively deemed employees of PHS by the Secretary of Health and Human Services at the time the case was removed, which constituted a jurisdictional defect.  Because the only proper basis for removal arose under the FSHCAA, remand was required to allow the government to remove on a jurisdictionally sound basis.  The magistrate judge granted that motion and remanded the case to the state district court

---

>  under circumstances where the United States, if a private person, would
>  be liable to the claimant in accordance with the law of the place where
>  the act or omission occurred.

28 U.S.C. § 1346(b).  Ms. Jaquez does not contest that her claims of professional negligence against Drs. Cole and Keppler are properly brought under the FTCA.

in Boulder County, which terminated Civil Action No. 24-cv-01696-KAS.  (**See** **Order** [#32], filed October 22, 2024.)

Six days later, the United States removed the case again, this time alleging jurisdiction under the FSHCAA.  (**Notice of Removal** ¶ 6 at 2-3 [#1], filed October 30, 2024, in Civil Action No. 24-cv-03053-REB-KAS.)  It now moves to dismiss for lack of subject matter jurisdiction, contending Ms. Jaquez failed to exhaust her administrative remedies prior to filing suit.

The FTCA requires claimants to exhaust their administrative remedies prior to filing suit.[5]  **See** 28 U.S.C. § 2675(a)[6]; ***McNeil v. United States***, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).  "Congress intended to require complete exhaustion . . . before invocation of the judicial process." ***McNeil***, 113 S.Ct. at 1984. There is no dispute that Ms. Jaquez did not file an administrative complaint with the United States Department of Health and Human Services until October 22, 2024, the day Civil Action No. 24-cv-01696-KAS was remanded to state court.  That claim was denied on October 30, 2024.  (**See Motion App.**, Exh. A ¶ 4 at 1-2.)

---

[5] The government is simply wrong, however, that the FTCA's exhaustion requirement is jurisdictional.  The United States Supreme Court has held otherwise, construing the FTCA's statute of limitations as merely a claim-processing rule which may be subject to equitable tolling.  ***See United States v. Wong***, 575 U.S. 402, 408-12, 135 S.Ct. 1625, 1631-33, 191 L.Ed.2d 533 (2015).

[6] That section provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

4

"As a general rule, a premature complaint cannot be cured through amendment, but instead, plaintiff must file a new suit." **Duplan v. Harper**, 188 F.3d 1195, 1199 (10th Cir. 1999) (citation and internal quotation marks omitted).  To allow otherwise "would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system."  **Id.**[7]  As that procedure was not followed in this case, the court lacks subject matter jurisdiction of Ms. Jaquez's claims, and this suit must be dismissed.  **McNeil**, 113 S.Ct. at 1984; **Haceesa v. United States**, 309 F.3d 722, 733 (10th Cir. 2002), **cert. denied**, 124 S.Ct. 65 (2003).

In dismissing this case, I recognize that a claim is barred unless the claimant makes a claim in writing to the appropriate federal agency for consideration within two years of the date the cause of action accrues.  28 U.S.C. § 2401(b); **United States v. Kubrick**, 444 U.S. 111, 111, 100 S.Ct. 352, 353, 62 L.Ed.2d 259 (1979); **Haceesa**, 309 F.3d at 733.  "The general accrual rule for FTCA claims is the 'injury-occurrence rule,' where the tort claim accrues on the date of injury."  **Bayless v. United States**, 767 F.3d 958, 965 (10th Cir. 2014).  Ms. Jaquez's injuries allegedly occurred during a surgical procedure performed on March 24, 2022.  As her administrative complaint was not filed until October 2024, there is a distinct possibility Ms. Jaquez's claims are time barred.

---

[7] Although the Tenth Circuit has recognized a limited exception when the United States agrees that the filing of an amended complaint constitutes a new action, **see Duplan**, 188 F.3d at 1199-1200, that exception is not implicated on the facts before me.  Although this case was filed under a new case number following the second, jurisdictionally-sound removal, Ms. Jaquez did not file a new amended complaint, nor is there any evidence the government agreed to treat this case as a new case following the second removal.  This case therefore is essentially the same case as Civil Action No. 24-cv-01696-KAS.

Nevertheless, the Tenth Circuit has recognized a discovery rule in "exceptional" FTCA cases "to protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the medical malpractice are in the control of the tortfeasor or otherwise not evident." *Id.* (citations and internal quotation marks omitted).  The record before me is insufficient to determine how soon after surgery Ms. Jaquez became (or should have become) aware of her injuries; if there was some lag time, she might be able to take advantage of this rule to refile her claim.  That is a question for another day, however.  For now, I dismiss this case without prejudice to allow for the possibility of refiling should the facts warrant.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion To Dismiss** [#20], filed December 9, 2024, is granted;

2. That this case is dismissed without prejudice for lack of subject matter jurisdiction;

3. That all pending deadlines are vacated; and

4. That all pending motions, including but not limited to the parties' **Joint Motion To Stay Discovery and Vacate the Scheduling Conference** [#27], filed January 8, 2025, are denied as moot.

Dated January 27, 2025, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge